UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 13 |
| | § | |
| ENRIQUE PIMIENTA, | § | CASE NO. 05-30565-H1-13 |
| | § | Chapter 13 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| ENRIQUE PIMIENTA | § | ADVERSARY No. 05-03307 |
| | § | |
| v. | § | |
| | § | |
| BROWN MCCARROLL, L.L.P. AND | § | |
| RICHARD ILLMER, INDIVIDUALLY | § | |
| AND AS A MEMBER | § | |
| OF THE LAW FIRM OF | § | |
| BROWN MCCARROLL, L.L.P. | § | |

**ANSWER TO MOTION TO DISMISS COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENRIQUE PIMIENTA, plaintiff herein, and files this his answer to

Defendants' Motion to Dismiss for Failure to State a Cause of Action, and shows as follows:

1.    The Court can take judicial notice of the fact that the Bankruptcies were filed but not the

contents thereof.

2.    Enrique Pimienta is an owner of Mission Latina and the Defendants took this action to

prevent the Debtor and/or his Chapter 7 Trustee from making a claim against the images,

contrary to Judge Isgur's Order of November 23, 2005. See the Motion to Compromise, the

Court Order, and Brown McCarroll's email attached hereto as Exhibits A, B, and C.

3.    Debtor as part owner of Mission Latina, Ltd. has a right, or his Chapter 7 Trustee has the

right to argue ownership of the Images pursuant to Judge Isgur's Order, of November 23, 2005.

4.     Enrique Pimienta denies the allegations in this paragraph.

5.     Enrique Pimienta denies the allegations in this paragraph.

6.     The Motion filled with out lifting the stay was not a ministerial act and no Court order is ever a ministerial act.

7.     Enrique Pimienta denies the allegations in this paragraph.

8.     A stay violation claim is personal to the Debtor only.


WHEREFORE, Debtor respectfully prays that Brown McCarroll , L.L.P.'s and Richard A. Illmer's Motion to Dismiss Complaint be in all things denied and that the Debtor have such other and further relief to which he may be entitled.

Respectfully submitted,


_____/s/ Margaret M. McClure_____
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 1580
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (fax)
McClureMar@aol.com (e-mail)

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| CIRCLE INVESTORS, | § | CASE NO. 04-34514-H1-7 |
| COMSTAR MORTGAGE CORPORATION, | § | CASE NO. 04-34515-H1-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERSTAR INVESTMENT CORPORATION, | § | CASE NO. 04-34517-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD., | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS HOLDINGS, INC., | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, LTD., | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, CORP., | § | CASE NO. 04-34523-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER, LTD., | § | CASE NO. 04-34526-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| ORBOST, LTD, | § | CASE NO. 04-34529-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| | § | |
| DEBTORS. | § | |

## TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE WITH GIANLUIGI SOCCHI, RODOLFO REISER, GIORGIO MARI AND JOHN BRUNO JACUZZI RAINIERI

## NOTICE

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES

EXHIBIT

A

**HEARING HAS BEEN CALENDARED FOR OCTOBER 13, 2005 AT 9:00 A.M. IN COURTROOM 10-B, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      Comes now W. Steve Smith, Trustee ("Trustee") of the captioned bankruptcy estates, and Gianluigi Socchi ("Socchi"), Roldolfo Reiser, ("Reiser"), Giorgio Mari ("Mari") and John Bruno Jacuzzi Rainieri ("Jacuzzi") collectively the "Socchi-Jaccuzi Group"), and files Trustee's Motion for Authority to Compromise with Gianluigi Socchi ("Socchi"), Roldolfo Reiser, ("Reiser"), Giorgio Mari ("Mari") and John Bruno Jacuzzi Rainieri ("Jacuzzi") (collectively the "Socchi-Jaccuzi Group"), respectfully showing unto the Court as follows:

      1.    An involuntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code was filed against IFS on August 23, 2002. On October 11, 2002, an Order for Relief was entered and on October 15, 2002, Trustee was appointed. Thereafter, Trustee filed 4 voluntary petitions and 12 involuntary petitions commencing the other 16 captioned cases. Trustee was appointed in each of those cases.

      2.    Trustee initiated a number of adversary proceedings, naming in several the Socchi-Jacuzzi Group or entities associated therewith. Those included:

Case No. 04-3817; *W. Steve Smith, Trustee v. John Bruno Jaccuzi Rainier*;

Case No. 04-3828; *W. Steve Smith, Trustee v. Rodolfo Reiser*;

Case No. 04-3829; *W. Steve Smith, Trustee v. Gryphon Holdings II, L.L.P. and Tecfeeder*;

Case No. 04-3842; *W. Steve Smith, Trustee v. Darlgate Overseas, Ltd., American Tuition, Inc., Rodolfo Reiser and Tecfeeder I, Ltd.*

the ("Subject Lawsuits") to collect money allegedly due to IFS Financial Corporation ("IFS"), Amper, Ltd. and Amper International, Ltd. (collectively "Amper") and INV Capital, Ltd. and INV Services, Ltd. (collectively "INV").

2

3.      In addition, Trustee also initiated the following adversary proceedings on behalf

of the following estates:

Case No. 04-3785; *W. Steve Smith, Trustee v. Alberto Bustamanto Boyer (IFS and Amper)*;

Case No. 04-3795; *W. Steve Smith, Trustee v. Mission Latina, Ltd. (IFS and Amper)*;

Case No. 04-3806; *W. Steve Smith, Trustee v. Latin American Access (IFS and Amper)*;

Case No. 04-3807; *W. Steve Smith, Trustee v. Jalapeno Foods and Jalapeno d/b/a Chili-Mex (IFS, Amper and Interamericas Corp.)*;

Case No. 04-3808; *W. Steve Smith, Trustee v. Guillermo Hernandez (IFS and Amper)*;

Case No. 04-3809; *W. Steve Smith, Trustee v. HONAC 77 (IFS, Amper and Interamerica Investments, Ltd.)*;

Case No. 04-3815; *W. Steve Smith, Trustee v. Empacadora Mexico Lindo, S.A. de C.V. (IFS and Amper)*;

Case No. 04-3822; *W. Steve Smith, Trustee v. Fernando Pimienta (IFS and Amper)*;

Case No. 04-3835; *W. Steve Smith, Trustee v. Alberto Pimienta (IFS and Amper)*;

Case No. 04-3846; *W. Steve Smith, Trustee v. Universal Networks, Inc. and Contactos Universales Incorporados ("CUI") (IFS, Amper and INV)*;

Case No. 04-3848; *W. Steve Smith, Trustee v. Arturo Pimienta, Individually and by and through CUI, et al. (IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporations)*;

Case No. 04-3850; *W. Steve Smith, Trustee v. KPMA Partnership, Ltd.* ("KPMA") *(IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporations)*; (the "Amper, et al. Litigation").

3

4.     In 2003, pursuant to that certain Turnover Order dated November 19, 2003 in Cause No. 03-08-06097, *Gianluigi Socchi, et al. v. Amper International, Ltd. et al.*, 9th Judicial District Court, Montgomery County, Texas (the "Turnover Order"), Reiser, Socchi, Mari and Vernon Overseas Holdings, Ltd. became, purportedly, the owners of the debts owing to Amper, addressed in the *Amper, et al.* litigation. Subsequently, it came to the attention of Trustee that Amper International, Ltd. was not subject to the Order and Hugo Pimienta has contended that the valuable assets of Amper, Ltd. were transferred to Amper International, Ltd for the benefit of selected owners of Amper, Ltd. Trustee questions whether Amper International, Ltd. was actually formed and has not seen or found anything that would substantiate the alleged transfer or any consideration for such transfers.

5.     The Socchi-Jacuzzi Group as well as the affiliates of one or more, Tecfeeder I, Ltd., American Tuition, Inc., Darlgate Overseas, Ltd., and Gryphon Holdings II, L.L.P. (all collectively referred to as the "Adversary Defendants"), deny owing any money in the Subject Lawsuits.

6.     Trustee and the Adversary Defendants have settled per the attached Release and Settlement Agreement (the "Agreement") upon approval thereof by this Court after notice and hearing. By the terms of the Agreement, the Subject Lawsuits shall be dismissed with prejudice; the claims asserted by Trustee in Adversary Nos. 04-3807, 04-3809, 04-3815, 04-3846, 04-3848 and 04-3850 belong exclusively to Trustee; the causes of action asserted by Trustee in Adversary Nos. 04-3785, 04-3806, 04-3822, 04-3835 and that portion of Adversary 04-3795 that relates to the $12 million debt owed by Amper belongs to Reiser, Socchi and Mari. Trustee shall dismiss Adversary Nos. 04-3785, 04-3806, 04-3822 and 04-3835 and shall dismiss Adversary No. 04-3795 in exchange for four percent (4%) of the net recovery by Reiser, Socchi and Mari from the

4

sale(s), if any, of the images of the Virgin of Guadalupe which are expected to be sold by them to help satisfy their judgment against Mission Latina, in satisfaction of the non-Amper causes of action asserted by Trustee on behalf of IFS to recover fraudulent transfers in these adversary proceedings.

7.      Trustee acknowledges the assistance thus far provided by Jacuzzi, and Reiser, Socchi, Mari and Jacuzzi agree to cooperate and reasonably assist Trustee in the other Adversary Proceedings filed by Trustee and in any other collection efforts.

8.      Trustee believes that the proposed settlement as set forth herein is in the best interest of the estate after consideration of the factors set forth in *Protective Committee for Independent Stockholders of TMT Ferry v. Anderson*, 390 U.S. 414 (1968), for the following reasons:

a.      Trustee welcomes all assistance in his Adversary Proceedings. By the settlement he obtains that cooperation as well as quieting title to Amper causes of action asserted to the extent provided herein. It also eliminates the expense of the Subject Adversaries. The issues presented in the Subject Adversaries and in setting aside the attachment of Amper claims is complex and the litigation required in both will be lengthy and expensive.

b.      In addition, Jacuzzi has cooperated and Trustee believes he will continue to do so, in providing invaluable information in regard to the remaining litigations.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that the Court grant the Trustee's Motion for Authority to Compromise with Gianluigi Socchi, Roldolfo Reiser, Giorgio Mari and John Bruno Jacuzzi Rainieri as herein provided, and that the Court grant Trustee such other and further relief to which he may be entitled.

Respectfully submitted,

W. STEVE SMITH, P.C.

/s/ W. Steve Smith
W. STEVE SMITH
State Bar No. 18700000
2015 Crocker Street
Houston, Texas 77006
Telephone: (713) 533-1833
Facsimile: (713) 533-1834

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Trustee's Motion for Authority to Compromise With Gianluigi Socchi, Rodolfo Reiser, Giorgio Mari and John Bruno Jacuzzi Rainieri* was served on the parties on the Service List attached hereto by United States First Class Mail, postage pre-paid, on the 26th day of September, 2005.

| **Via First Class U.S. Mail** | **Via First Class U.S. Mail** | **Via First Class U.S. Mail** |
|---|---|---|
| Diane G. Livingstone | Ellen Maresh Hickman | Richard Illmer |
| Asst. U.S. Trustee | U.S. Trustee | Brown McCarroll |
| 515 Rusk Avenue, Suite 3516 | 515 Rusk St., Suite 3516 | 2001 Ross Avenue |
| Houston, Texas 77002 | Houston, Texas 77002 | Suite 2000 |
| | | Dallas, Texas 75201-2997 |

/s/ W. Steve Smith
W. Steve Smith

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER LTD., | § | CASE NO. 04-34526-H1-7 |
| CIRCLE INVESTORS, INC., | § | CASE NO. 04-34514-H4-7 |
| COMSTAR MORTGAGE CORPORATION, | § | CASE NO. 04-34515-H5-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, LTD. | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, CORP., | § | CASE NO. 04-34523-H1-7 |
| INTERAMERICAS HOLDINGS, INC., | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD., | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERSTAR INVESTMENT CORPORATION, | § | CASE NO. 04-34517-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| ORBOST, LTD., | § | CASE NO. 04-34529-H1-7 |

DEBTORS.

### RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement") is made and entered into effective the date of Bankruptcy Court approval, following notice and hearing by and among W. Steve Smith, as Trustee in the following bankruptcies:

| In Re: | | |
|---|---|---|
| | IFS Financial Corporation | Case No. 02-39553-H1-7 |
| | Circle Investors, Inc. | Case No. 04-34514-H1-7 |
| | Comstar Mortgage Corporation | Case No. 04-34515-H1-7 |
| | IFS Insurance Holdings Corporation | Case No. 04-34516-H1-7 |
| | Interstar Investment Corporation | Case No. 04-34517-H1-7 |
| | Interamericas, Ltd. | Case No. 04-34519-H1-7 |
| | Interamericas Investments, Ltd. | Case No. 04-34520-H1-7 |
| | Interamericas Holdings, Inc. | Case No. 04-34521-H1-7 |
| | Interamericas Financial Holdings, Ltd. | Case No. 04-34522-H1-7 |
| | Interamericas Financial Holdings, Corp. | Case No. 04-34523-H1-7 |
| | Interamericas Corporation | Case No. 04-34524-H1-7 |
| | Amper International, Ltd. | Case No. 04-34525-H1-7 |
| | Amper, Ltd. | Case No. 04-34526-H1-7 |

DAL:616572.1
37642.1

|  |  |
|---|---|
| INV Capital, Ltd. | Case No. 04-34527-H1-7 |
| INV Services, Ltd. | Case No. 04-34528-H1-7 |
| Orbost, Ltd. | Case No. 04-34539-H1-7 |
| MP Corp. | Case No. 04-34530-H1-7 |

in the United States Bankruptcy Court for the Southern District of Texas – Houston Division (hereinafter referred to in the aggregate as ("Trustee") and Messrs. Rodolfo Reiser ("Reiser"), Gianluigi Socchi ("Socchi"), Giorgio Mari ("Mari"), Vernon Overseas Holdings, Ltd, ("Vernon") and John Bruno Rainier Jacuzzi ("Jacuzzi"). The persons identified in this paragraph may hereinafter be referred to collectively as the "Parties."

WHEREAS, on or about October 10, 2004, Trustee filed the following lawsuits in the United States Bankruptcy Court, Southern District of Texas:

- Case Number 04-03817; *W. Steve Smith v. John Bruno Jacuzzi Rainier;*
- Case Number 04-03828; *W. Steve Smith v. Rodolfo Reiser;*
- Case Number 04-03829; *W. Steve Smith v. Gryphon Holdings II, L.L.P. and Tecfeeder;* and
- Case Number 04-03842; *W. Steve Smith v. Darigate Overseas, Ltd., American Tuition, Inc., Rodolfo Reiser and Tecfeeder 1, Ltd.*

(hereinafter referred to in the aggregate as the "Subject Lawsuits").

WHEREAS, on or about October 10, 2004, Trustee also filed the following lawsuits in the United States Bankruptcy Court, Southern District of Texas, on behalf of the estates which follow each lawsuit:

- Case Number 04-03785; *W. Steve Smith v. Alberto Bustamante Boyer* (IFS Financial Corporation ("IFS") and Amper, Ltd. and Amper International, Ltd. (collectively "Amper")).
- Case Number 04-03795; *W. Steve Smith v. Mission Latina, Ltd.* (IFS and Amper)
- Case Number 04-03806; *W. Steve Smith v. Latin American Access* (IFS and Amper)
- Case Number 04-03807; *W. Steve Smith v. Jalapeno Foods and Jalapeno d/b/a Chili-Mex, Inc.* (IFS, Amper and Interamerican Corp.)
- Case Number 04-03808; *W. Steve Smith v. Guillermo Hernandez*

2

(IFS and Amper)

- Case Number 04-03809; *W. Steve Smith v. HONAC 77* (IFS, Amper and Interamericas Investments, Ltd.)
- Case Number 04-03815; *W. Steve Smith v. Empacadora Mexico Lindo, S.A. de C.V.* (IFS and Amper)
- Case Number 04-03822; *W. Steve Smith v. Fernando Pimienta* (IFS and Amper)
- Case Number 04-03835; *W. Steve Smith v. Alberto Pimienta* (IFS and Amper)
- Case Number 04-03846; *W. Steve Smith v. Universal Networks, Inc.* and *Contactos Universales Incorporados* (IFS, Amper and INV Capital, Ltd. and INV Services, Ltd. (collectively "INV"))
- Case Number 04-03848; *W. Steve Smith v. Arturo Pimienta, Individually, Contactos Universales Incorporados, S.A. de C.V., KPMA Realty, LP f/k/a KPMA Partnership Ltd., Mustang Athletic Corp., Mustang Sports, Mustang Soccer Club, UNI Asset Management, UNI Central Control Corp., UNI Holdings, Inc., UNI Realty, Inc., Universal International Services, S.A. de C.V., Universal Network, Inc., Transportes Carlos Herrera, S.A. de C.V., Aquarium, Inc., Productos Industriales Acuario S.A. de C.V., PCI Industrial Services, Inc., Los Dalmatas, S.A. de C.V.* and *KPMA Partnership, Ltd.* (IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporation) and
- Case Number 04-03850; *W. Steve Smith v. KPMA Partnership, Ltd.* (IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporation).

These cases shall be referred to as the "Amper, et. al. Litigation".

WHEREAS, pursuant to that certain Turnover Order dated November 19, 2003 in case styled, *Gianluigi Socchi, et al. v. Amper International, Ltd., et al.*, Cause Number 03-08-06097 9th Judicial District Court, Montgomery County, Texas (the "Turnover Order"), Reiser, Socchi,

Mind, and Vernon are purportedly the rightful owners of the debts owing to Amper which are addressed as part of the Amper, et. al. Litigation.

WHEREAS, Trustee asserts that Reiser, Scoohl, Mind, Jacura2, Vernon, TeaTender 1, Ltd, American Tuition, Inc., Dartgate Overseas, Ltd, and Gryphon Holdings II, L.L.P, (hereinafter referred to in the aggregate as the "Adversary Defendants") owe money to the Estates of IFS and/or Amper;

WHEREAS, the Adversary Defendants deny that they owe any money to the Estates of IFS, INV, Amper, or any other estate for which Trustee serves.

WHEREAS, the Parties desire, finally and forever, to settle and compromise all disputes and matters of controversy between them concerning or relating to the claim that the Adversary Defendants owe money to the Estates of IFS, INV, Amper or any other estate for which Trustee serves and relating to claims asserted or assertable by, on behalf of, through or derived from Amper.

NOW, THEREFORE, for and in consideration of the promises and agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, the Parties hereto have agreed to settle their claims and disputes, subject to Bankruptcy Court approval after notice and hearing, according to the Following terms:

1.      Trustee shall dismiss, with prejudice, the Subject Lawsuits. In addition, Trustee agrees to dismiss with prejudice Case Number 04-03303, W. Steve Smith v. Guillermo Hernandez. The Motions and Orders to Dismiss, With Prejudice, will be filed upon approval of this Release and Settlement Agreement by the Bankruptcy Court.

4

2.      In consideration of Trustee's dismissal with prejudice of the Subject Lawsuits and other adversary proceedings identified in paragraph 1 above, Reiser, Mari, Socchi and Jacuzzi agree to cooperate and reasonably assist Smith in his efforts to collect from defendants in other adversary proceedings filed by Trustee. The assistance, however, shall not require or obligate Reiser, Socchi, Mari, or Jacuzzi to incur legal fees or other expenses on Trustee's behalf.

3.      Reiser, Socchi, Mari, and Vernon agree that the claims being asserted by Trustee in Adversary Proceedings Nos. 04-03807, 04-03809, 04-03815, 04-03846, 04-03848 and 04-03850, specifically including those claims asserted or assertable by Amper and in spite of the Turnover Order, belong exclusively to Trustee to pursue to the exclusion of Reiser, Socchi, Mari, and Vernon wherever brought.

4.      Trustee agrees that pursuant to the Turnover Order, Reiser, Socchi, Mari, And Vernon are the rightful owners of the causes of action asserted (all on behalf of Amper) in Adversary Proceeding Nos. 04-03806, 04-03785, 04-03822, 04-03835 and that portion of Adversary Proceeding No. 04-03795 that relates to the $12 million debt owed to Amper. Trustee shall dismiss Adversary Proceeding 04-03795 in exchange for four percent (4%) of the net recovery by Reiser, Socchi and Mari from the sale, if any, of the images of the Virgin of Guadalupe which Reiser, Socchi and Mari expect to sell to help satisfy their judgment against Mission Latina, in satisfaction of the non-Amper causes of action asserted by Trustee in that portion of Case Number 04-03795 to recover for IFS the fraudulent transfer complained of therein.

5.      The parties shall bear their own costs and attorneys' fees in connection with the litigation herein described.

5

DAL:616578.1
27642.1

DAL:616578.1
374421

6.      Except for the obligations and rights expressly set forth and reserved by this Agreement, Adversary Defendants for and in consideration of the execution of this Agreement and other valuable consideration, the adequacy and sufficiency of which is acknowledged and confessed, hereby release, acquit, and forever discharge, and by these presents, do release, acquit, and forever discharge, Trustee, his agents, servants, employees, representatives, and assigns, from any and all claims, demands, actions, and causes of action of any kind whatsoever, known or unknown, whether in contract, tort, equity, or by statute, for any form of damages whatsoever which Adversary Defendants have or may have against Trustee.

7.      Except for the obligations and rights expressly set forth and reserved by the Agreement, Trustee for and in consideration of the execution of this Agreement and other valuable consideration, the adequacy and sufficiency of which is acknowledged and confessed, hereby releases, acquits, and forever discharges, and by these presents, does release, acquit, and forever discharge, Adversary Defendants, their agents, servants, employees, representatives, and assigns, from any and all claims, demands, actions, and causes of action of any kind whatsoever, known or unknown, whether in contract, tort, equity, or by statute, for any form of damages whatsoever which Trustee has or may have against Adversary Defendants.

8.      The Parties represent and warrant that they have not assigned, transferred or conveyed to another person all or part of any claim, demand, action, or cause of action that is the subject of this Agreement.

9.      The Parties hereby agree, represent and warrant to each other that they have read this Agreement and fully understand it to be a compromise and settlement of all claims and issues, known or unknown, past or present, which they have or may have against each other.

10.   Nothing contained herein shall be construed to relate to claims which may arise from the Parties' performance, or failure to perform, the terms of this Agreement.

11.   The Parties further warrant that they are of legal age, legally competent and fully authorized to execute this Agreement, and that they execute this Agreement of their own free will and accord without reliance upon any representation of any kind or character not expressly set forth herein.

12.   The Parties agree that as part of the consideration for this Agreement, and before executing this Agreement, the Parties hereto have been informed of the terms, contents, conditions, and effects of this Agreement by attorneys of each Parties' own choosing; that in executing this Agreement and negotiating the terms hereof, the Parties have had the benefit of the advice of attorneys of their or its own choosing; and that no promise or representation of any kind has been made to any Party or by any Party hereto, or anyone acting for them, except as is expressly stated in this Agreement. The Parties represent that they have relied completely and solely on their judgment and the advice of their own attorneys in executing this Agreement.

13.   The Parties agree that if it be determined by the Court that any Party has failed to perform its obligations herein, then the prevailing Party or Parties shall be entitled to recover reasonable attorneys' fees, court costs, and other reasonable and necessary expanses incurred in the enforcement of the rights and obligations set forth in this Agreement.

14.   The Parties understand and agree that this Agreement may be executed in any number of identical counterparts, each of which shall be deemed an original for all purposes.

15.   Fax signatures shall be deemed original signatures for purposes of this Agreement.

7

DAL616878.1
376421

16.    The Parties agree that this Agreement may not be changed, revised, or otherwise amended by any of the Parties hereto except by writing signed by all of the Parties hereto.

17.    The Parties agree that this Settlement Agreement and Release is entered into and performable in Harris County, Texas. The Parties further agree that this Settlement Agreement and Release shall be construed under the laws of the State of Texas, without regard to conflicts of law principles.

18.    This Agreement contains the complete Agreement of the Parties hereto with respect to all matters and supersedes any other prior or contemporaneous oral or written agreements or understandings concerning the subject matter herein.

EXECUTED AND EFFECTIVE this _____ day of _____, 2005.

DAL:616578.1
37642.1

19/04 2005 10:29 FAX 0449120150                                         ☑002

APR/05/2005/TUE 11:55 AM   STEVE SMITH              FAX No. 7135331934        P. 011

GIANLUIGI SOCCHI

By: _____

Date: _April 18th, 2005_

City of Zurich                    §
County of Zurich                  §
Country of Switzerland            §

BEFORE ME, the undersigned authority, on this day personally appeared Gianluigi Socchi, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of _____, 2005.

                    _____
                    Notary Public
                    Consul of the United States of America

## Official Certification

Seen for authentication of the above signature, affixed in our presence by

Mr. Gianluigi Socchi, born 3rd November 1944, Swiss citizen of Stabio TI, according to his information residing at Aussichtstrasse 16, 8704 Herrliberg, who has identified himself by passport.

Küsnacht, this 19th day of April 2005

B No. 661
Fee: Fr. 20.--

NOTARIAT KÜSNACHT

M. Grob, Deputy Notary public

DAL:616578.1
376421

9

APR/05/2005/TUE 11:55 AM   STEVE SMITH          FAX No. 7135331834          P. 012

RODOLFO REISER

By: _____

Date: *April 15 th, 2005*

City of Zurich          §
County of Zurich        §
Country of Switzerland  §

    BEFORE ME, the undersigned authority, on this day personally appeared Rodolfo
Reiser, known to me to be the person whose name is subscribed to the foregoing instrument, and
acknowledged to me that he has read the foregoing instrument, and fully understands it to be a
Settlement Agreement of all claims described therein, and that he executed the same for the
purposes and consideration expressed therein.

    Given under my hand and seal of office this _____ day of _____, 2005.

                    _____
                    Notary Public
                    Consul of the United States of America

## Official Certification

Seen for authentication of the foregoing signature, affixed in our presence by

**Rodolfo Reiser,** born 6th day of June 1946, Swiss citizen of St. Gallen SG, residing (according
to his information) at Neuhausstrasse 12, CH-8044 Zurich ZH (Switzerland),
who has identified himself by passport.

Zurich, this 15th day of April 2005

B No. 697
Fee: Fr. 20.--



NOTARIAT FLUNTERN-ZÜRICH

lic. Neuenschwander, Deputy Notary public

DAL:616578.1
376421

10

APR/05/2005/TUE 11:56 AM    STEVE SMITH                FAX No. 7135331834                    P. 013

GIORGIO MARI

By: _____

Date: _20 April 2005_

City of Zurich              §
County of Zurich            §
                            §
Country of Switzerland      §

BEFORE ME, the undersigned authority, on this day personally appeared Giorgio Mari, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of _____, 2005.

Official Certification see reverse side

Notary Public
Consul of the United States of America

11

**Official Certification**

Seen for authentication of the reverse side signature, affixed in our presence by

**Mr. Giorgio MARI,** born 13.05.1950, Swiss citizen of Greifensee/ZH, according to his information residing at Plattenstrasse 42, 8810 Horgen, identified by identity card.

Zürich, 20th April 2005
BK no. 21089/rc
CHF 20.--

This legalization refers only to the signature and not to the contents or validity of the document.

NOTARIAT ZÜRICH (ALTSTADT)

J. Inglin, Deputy Notary public

JOHN BRUNO JACUZZI RAINIERI

_____

Date: _____ APR - 7 2005 _____

UNITED MEXICAN STATES
STATE OF NUEVO LEON
CITY OF MONTERREY
CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA } §§

UNITED MEXICAN STATES §
§
STATE OF NUEVO LEON §
§
CITY OF MONTERREY §

BEFORE ME, the undersigned authority, on this day personally appeared John Bruno Jacuzzi Rainieri, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledge to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of ___ APR - 7 2005 ___, 2005.

_____
Notary Public
Consul of the United States of America
MARTHA PACHECO
CONSUL OF THE
UNITED STATES OF AMERICA

12

DAL:616578.1
1237642.1

VERNON OVERSEAS HOLDINGS, LTD.

By: _____

Its: _____president_____

Date: ____8/ 19/05____

City of _New York_                 §
                                   §
County of _NASSAU_                 §
                                   §
Country of _USA_                   §
                                   §

BEFORE ME, the undersigned authority, on this day personally appeared _DAVID GALL_, _its_ _____ known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _19th_ day of _August_, 2005.

_____

Notary Public

Consul of the United States of America

SUSAN WEISSBERG
Notary Public, State of New York
No. 01WE5029026
Qualified in Nassau County
Commission Expires June 13, _2006_

APR/05/2005/TUE 11:55 AM    STEVE SMITH                FAX No. 7135331634                        P. 010

> W. STEVE SMITH, Trustee of the Estates of
> IFS FINANCIAL CORPORATION,
> AMPER INTERNATIONAL, LTD.,
> AMPER LTD.,
> CIRCLE INVESTORS, INC.,
> COMSTAR MORTGAGE CORPORATION,
> IFS INSURANCE HOLDINGS CORPORATION,
> INTERAMERICAS CORPORATION,
> INTERAMERICAS FINANCIAL HOLDINGS, LTD.
> INTERAMERICAS FINANCIAL HOLDINGS,
> CORP.,
> INTERAMERICAS HOLDINGS, INC.,
> INTERAMERICAS INVESTMENTS, LTD.,
> INTERAMERICAS, LTD.,
> INTERSTAR INVESTMENT CORPORATION,
> INV CAPITAL, LTD.,
> INV SERVICES, LTD.,
> MP CORP., and
> ORBOSA, LTD.,
>
> By: _____
>
> Date: 4/1/05

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS         §


    BEFORE ME, the undersigned authority, on this day personally appeared W. Steve Smith, Trustee known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

    Given under my hand and seal of office this 1st day of April, 2005.



Notary Public

DAL:616578.1
37642.1

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| CIRCLE INVESTORS, | § | CASE NO. 04-34514-H1-7 |
| COMSTAR MORTGAGE CORPORATION, | § | CASE NO. 04-34515-H1-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERSTAR INVESTMENT CORPORATION, | § | CASE NO. 04-34517-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD., | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS HOLDINGS, INC., | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, LTD., | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, CORP., | § | CASE NO. 04-34523-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER, LTD., | § | CASE NO. 04-34526-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| ORBOST, LTD, | § | CASE NO. 04-34529-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| | § | |
| DEBTORS. | § | |
| | § | JOINTLY ADMINISTERED |
| | § | UNDER |
| | § | CASE NO. 02-39553-H1-7 |

## AMENDED ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE WITH GIANLUIGI SOCCHI, RODOLFO REISER, GIORGIO MARI AND JOHN BRUNO JACUZZI RAINIERI

CAME ON for consideration Trustee's Motion for Authority to Compromise With Gianluigi Socchi, Rodolfo Reiser, Giorgio Mari and John Bruno Jacuzzi Rainieri (the "Motion"), filed herein by W. Steve Smith, Trustee ("Trustee") for the above-captioned Bankruptcy Estates. The Court, after review, has determined that said relief should be granted. It is therefore, accordingly

ORDERED, ADJUDGED and DECREED that the Trustee's Motion For Authority To Compromise With Gianluigi Socchi, Rodolfo Reiser, Giorgio Mari and John Bruno Jacuzzi Rainieri shall be, and hereby is, GRANTED; provided, however, this Order in no way determines the rights

371


EXHIBIT
β

or entitlements in regard to the images of the Virgin of Guadalupe and shall be without prejudice to

the Parties claiming the images and rights thereunder, including Rodney Tow, Trustee of the Estate

of Enrique Pimienta. It is further

ORDERED, ADJUDGED and DECREED that Trustee and Gianluigi Socchi, Rodolfo

Reiser, Giorgio Mari and John Bruno Jacuzzi Rainieri shall execute all reasonable documentation

necessary to effectuate the Compromise and this Order.

SIGNED THIS __23__ day of __November__, 2005.

UNITED STATES BANKRUPTCY JUDGE

APPROVED:

By: __Blake R. Rizzo__ (wss by permission)

Blake R. Rizzo
Porter & Hedges, L.L.P.
Reliant Energy Plaza
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 228-1331
*Attorney for Rodney Tow,*
*Trustee of the Estate of Enrique Pimienta*

2

May-16-06  14:20  From-                                    T-242  P.002/002  F-660

MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat    Sign Out    Web Search:    Go

msn Hotmail                              Today | Mail | Calendar | Contacts

guillermo777@hotmail.com

📧 Reply | 📧 Reply All | 📧 Forward | ✕ Delete | 📧 Junk | 📧 Put in Folder ▾ | 📧 Print View | 📧 Save Address

⬤ | ◆ | ✕ | 📁 Inbox

From :        Richard A. Illmer <rillmer@mailbmc.com>
Reply-To :    rillmer@mailbmc.com
Sent :        Wednesday, January 18, 2006 7:15 AM
To :          Guillermo777@hotmail.com
CC :          kmmatthews@mailbmc.com
Subject :     Sale of the Images

What is the status?

How many did you take/deliver to the store and of which sizes?

How many were sold?

How much revenue did it generate?

What expenses were incurred?

What is the amount of profit?

What
Thanks.
Sent with SnapperMail
www.snappermail.com

📧 | 📧 | 📧                                         ⬤ | ◆ | ✕ | 📁 Inbox

Get the latest updates from MSN

MSN Home | My MSN | Hotmail | Search | Shopping | Money | People & Chat

© 2006 Microsoft TERMS OF USE Advertise TRUSTe Approved Privacy Statement GetNetWise Anti-Spam Policy

EXHIBIT
3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing was electronically mailed or mailed by first class mail, postage prepaid, or faxed to the following on the 17th day of May, 2006:

Mr. Richard Simmons
U.S. Trustee
515 Rusk, 3rd Floor
Houston, Texas 77002

Mr. Enrique Pimienta
2 Aberdeen Crossing
The Woodlands, TX 77381

Ms. Stephanie J. Ward
Brown McCarroll, et al
2001 Ross Avenue, Suite 2000
Dallas, TX 75201-2997

/s/ Margaret M. McClure
MARGARET M. MCCLURE